# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID BRACE,

      Individually, and on behalf
of all others similarly-situated,

v.

LIFE EMS, INC.,

      Defendant.

Case No.

Hon.

**COLLECTIVE ACTION
FAIR LABOR STANDARDS ACT**

**CLASS ACTION
IMPROVED WORKFORCE
OPPORTUNITY WAGE ACT**

Noah S. Hurwitz (P74063)
Kara F. Krause (P85487)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
kara@hurwitzlaw.com
noah@hurwitzlaw.com

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the Complaint.

## PLAINTIFF'S COLLECTIVE ACTION
### COMPLAINT AND JURY DEMAND

Plaintiff David Brace ("Plaintiff"), on behalf of himself and other similarly-situated employees, by and through his attorneys, Hurwitz Law PLLC, brings this civil action against Defendant Life EMS, Inc. ("Defendant"), and alleges the following for his Complaint and Jury Demand:

**INTRODUCTION**

1. Plaintiff brings this collective action under 29 U.S.C.§ 216(b), on behalf of himself and other similarly-situated employees, for unpaid overtime compensation, liquidated damages, and reasonable attorney's fees, costs, arising from violations of the Fair Labor Standards Act and Michigan's Improved Workforce Opportunity Wage Act, MCL 408.931.

**PARTIES AND JURISDICTION**

2. Plaintiff is a resident of Grand Rapids, Michigan.

3. Plaintiff brings claims individually and as part of a collective action under 29 U.S.C.§ 216(b).

4. Plaintiff seeks putative class certification of and notice to all current and former paramedics and emergency medical technicians who have worked at any time during the last three (3) years anywhere in the State of Michigan.

5. Defendant is a domestic profit corporation, with a headquarters at 1275 Cedar Street, Grand Rapids, Michigan.

6. The Western District of Michigan has federal question jurisdiction over Plaintiff's Fair Labor Standards Act claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over related state law claims. 28 U.S.C. § 1367.

7.    Additionally, venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391, as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims took place.

8.    Defendant is now, and during all relevant times, a domestic profit corporation with a headquarters in Grand Rapids, Michigan.

## FACTUAL ALLEGATIONS

9.    Defendant provides pre-hospital care services and employs hundreds of emergency medical technicians and paramedics across the State of Michigan, including without limitation Allegan County, Kalamazoo County, Kent County, Lake County, Mason County, Newaygo County, and Oceana County.

10.    Defendant's paramedics and emergency medical technicians are paid on an hourly basis and not exempt from overtime pay.

11.    Defendant's paramedics and emergency medical technicians examine patients, report medical conditions to emergency department personnel, and prepare medical reports, and an essential duty and responsibility for both positions is "attends training sessions as required."

12.    Defendant is certified by the Michigan Department of Health and Human Services ("MDHHS") to instruct emergency medical services ("EMS") certification and recertification courses.

13.    Defendant offers such courses during regular business hours.

3

14. "Time spent in attending training required by an employer is normally considered compensable hours of work." 29 C.F.R. § 553.226(b).

15. Training that is "directly related to the employee's job" must be compensated. 29 C.F.R. § 785.29.

16. Training is compensable "if the employee is given to understand or led to believe that his present working conditions or the continuance of his employment would be adversely affected by nonattendance." 29 C.F.R. § 785.28.

17. Defendant's paramedics and emergency medical technicians are not compensated for time spent in job-related training.

18. Such training is "integral and indispensable" to their primary duties.

19. Defendant's paramedics and emergency medical technicians cannot refuse training without jeopardizing their continued employment.

20. The only training required for a paramedic license in the State of Michigan is Basic Life Support ("BLS").

21. Defendant's employees must use personal time or go "off duty" to obtain additional training in the following areas:

   a) Advanced Cardiac Life Support ("ACLS"),
   b) Basic Disaster Life Support ("BDLS"),
   c) Emergency Pediatric Care ("EPC"),
   d) Pediatric Advanced Life Support ("PALS"), and
   e) Prehospital Trauma Life Support ("PHTLS").

22. The initial courses for such training last from eight to sixteen hours, and renewing certification requires another six to nine hours of additional training.

23. Defendant's paramedics are required to renew their certification in Advanced Cardiac Life Support ("ACLS") and Pediatric Advanced Life Support ("PALS") every two years.

24. Defendant's paramedics in Kalamazoo County are required to renew their certification in Basic Disaster Life Support ("BDLS") every three years.

25. Defendant's paramedics and emergency medical technicians are required to renew their certifications in Emergency Pediatric Care ("EPC") and Prehospital Trauma Life Support ("PHTLS") every four years.

26. Plaintiff was hired on April 14, 2025, and worked as a paramedic in Kent County, Michigan until February 28, 2026.

27. Plaintiff was paid on an hourly basis and not exempt from overtime pay.

28. Plaintiff was required to attend unpaid training sessions for Advanced Cardiac Life Support ("ACLS") and Prehospital Trauma Life Support ("PHTLS"), including on April 28, May 1, May 11, May 15, and May 16, 2025.

29. Plaintiff was required to attend each of the other training sessions described in Paragraph 21, except for Basic Disaster Life Support ("BDLS").

30. Plaintiff was not compensated for time spent in job-related training.

31.    Plaintiff attempted to clock in for such training sessions but was denied pay, and his timecards from those dates read "disapproved."

## COUNT I
## VIOLATION OF 29 U.S.C. § 201 et seq.
## FAIR LABOR STANDARDS ACT

32.    Plaintiff incorporates by reference all paragraphs above.

33.    Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

34.    Defendant's paramedics and emergency medical technicians are not compensated for time spent in job-related training.

35.    Defendant's paramedics and emergency medical technicians are paid on an hourly basis and not exempt from overtime pay.

36.    Defendant's job descriptions for both paramedics and emergency medical technicians state that an essential duty and responsibility for both positions is "attends training sessions as required to maintain certification."

37.    Such training is "integral and indispensable" to their primary duties.

38.    The only training required for a paramedic license in the State of Michigan is Basic Life Support ("BLS").

39.    Defendant's employees must use personal time or go "off duty" to obtain additional training in the following areas:

        f)  Advanced Cardiac Life Support ("ACLS"),
        g)  Basic Disaster Life Support ("BDLS"),
        h)  Emergency Pediatric Care ("EPC"),
        i)  Pediatric Advanced Life Support ("PALS"), and

j) Prehospital Trauma Life Support ("PHTLS").

40. The initial courses for such training last from eight to sixteen hours, and renewing certification requires another six to nine hours of additional training.

41. Attendance is mandatory, and paramedics and emergency medical technicians do not perform any productive work during such attendance.

42. Defendant's paramedics and emergency medical technicians cannot refuse training without jeopardizing their continued employment.

43. Plaintiff was hired on April 14, 2025, and was employed as a paramedic in Kent County, Michigan until February 28, 2026.

44. Plaintiff was paid on an hourly basis and not exempt from overtime pay.

45. Plaintiff was required to attend unpaid training sessions for Advanced Cardiac Life Support ("ACLS") and Prehospital Trauma Life Support ("PHTLS"), including on April 28, May 1, May 11, May 15, and May 16, 2025.

46. Plaintiff was required to attend each of the other training sessions described in Paragraph 21, except for Basic Disaster Life Support ("BDLS").

47. Plaintiff was not compensated for time spent in job-related training.

48. Plaintiff attempted to clock in for such training sessions but was denied pay, and his timecards from those dates read "disapproved."

49. Defendant's actions were intentional, malicious, and taken in bad faith.

50.    Plaintiff and other similarly-situated employees have been deprived of overtime compensation as a direct proximate result.

51.    Plaintiff and other similarly-situated employees have been placed in financial distress and suffered a loss of earnings as a direct proximate result.

52.    Plaintiff seeks putative collective certification of and notice to all current and former paramedics and emergency medical technicians who have worked at any time during the last three (3) years in the State of Michigan.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 211**
**FAIR LABOR STANDARDS ACT**

53.    Plaintiff incorporates by reference all paragraphs above.

54.    Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

55.    Defendant's paramedics and emergency medical technicians are not compensated for time spent in job-related training.

56.    Defendant's paramedics and emergency medical technicians are paid on an hourly basis and not exempt from overtime pay.

57.    Defendant has failed to make, keep, and preserve records with respect its paramedics and emergency medical technicians sufficient to determine their wages, hours, and other conditions and practice of employment in violation of 29 U.S.C. § 211.

8

58.    Every employer shall maintain and preserve payroll or other records containing information and data with respect to each employee, including:

a)    Hours worked each workday and total hours worked each workweek,
b)    Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek,
c)    Total additions to or deductions from wages paid each pay period, and
d)    Total wages paid each pay period.

59.    Defendant has not complied with federal law and has failed to maintain such records.

60.    Plaintiff seeks putative collective certification of and notice to all current and former paramedics and emergency medical technicians who have worked at any time during the last three (3) years in the State of Michigan.

**COUNT III**
**VIOLATION OF MCL 408.931 et seq.**
**MICHIGAN'S IMPROVED WORKFORCE OPPORTUNITY WAGE ACT**

61.    Plaintiff incorporates by reference all paragraphs above.

62.    Defendant is an employer within the meaning of MCL 408.932(d).

63.    Defendant's paramedics and emergency medical technicians are not compensated for time spent in job-related training.

64.    Defendant's paramedics and emergency medical technicians are paid on an hourly basis and not exempt from overtime pay.

9

65.    Defendant's job descriptions for both paramedics and emergency medical technicians state that an essential duty and responsibility for both positions is "attends training sessions as required to maintain certification."

66.    Such training is "integral and indispensable" to their primary duties.

67.    The only training required for a paramedic license in the State of Michigan is Basic Life Support ("BLS").

68.    Defendant's paramedics must use personal time or go "off duty" to obtain additional training in the following areas:

   k) Advanced Cardiac Life Support ("ACLS"),
   l) Basic Disaster Life Support ("BDLS"),
   m) Emergency Pediatric Care ("EPC"),
   n) Pediatric Advanced Life Support ("PALS"), and
   o) Prehospital Trauma Life Support ("PHTLS").

69.    The initial courses for such training last from eight to sixteen hours, and renewing certification requires another six to nine hours of additional training.

70.    Attendance is mandatory, and paramedics and emergency medical technicians do not perform any productive work during such attendance.

71.    Defendant's paramedics and emergency medical technicians cannot refuse training without jeopardizing their continued employment.

72.    Plaintiff was hired on April 14, 2025, and was employed as a paramedic in Kent County, Michigan until February 28, 2026.

73.    Plaintiff was paid on an hourly basis and not exempt from overtime pay.

10

74.    Plaintiff was required to attend unpaid training sessions for Advanced Cardiac Life Support ("ACLS") and Prehospital Trauma Life Support ("PHTLS"), including on April 28, May 1, May 11, May 15, and May 16, 2025.

75.    Plaintiff was required to attend each of the other training sessions described in Paragraph 21, except for Basic Disaster Life Support ("BDLS").

76.    Plaintiff was not compensated for time spent in job-related training.

77.    Plaintiff attempted to clock in for such training sessions but was denied pay, and his timecards from those dates read "disapproved."

78.    Defendant's actions were intentional, malicious, and taken in bad faith.

79.    Plaintiff and other similarly-situated employees have been deprived of overtime compensation as a direct proximate result.

80.    Plaintiff and other similarly-situated employees have been placed in financial distress and suffered a loss of earnings as a direct proximate result.

81.    Plaintiff seeks putative class certification of and notice to all current and former paramedics and emergency medical technicians who have worked at any time during the last three (3) years anywhere in the State of Michigan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and other current and former similarly-situated employees in the State of Michigan, requests the following relief from this Honorable Court against Defendant Life EMS, Inc.:

11

a. Designation of this action as a collective action pursuant to the Fair Labor Standards Act and prompt issuance of notice pursuant to 29 U.S.C. § 216(b);

a. Compensatory damages,

b. Declaratory relief,

c. Exemplary and punitive damages,

d. Liquidated damages,

e. Reasonable attorney's fees and costs,

f. Prejudgment and postjudgment interest, and

g. Award such other relief deemed just and proper.

/s/ *Kara F. Krause*
Kara F. Krause (P85487)
Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorney for Plaintiff*
340 Beakes St., Ste. 125
Dated: April 13, 2026                              Ann Arbor, MI 48104

12

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID BRACE,

    Individually, and on behalf
    of all others similarly-situated,

v.

LIFE EMS, INC.,

    Defendant.

Case No.

Hon.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

**CLASS ACTION**
**IMPROVED WORKFORCE**
**OPPORTUNITY WAGE ACT**

---

Kara F. Krause (P85487)
Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiff*
340 Beakes St. STE 125
Ann Arbor, MI 48104
(844) 487-9489
kara@hurwitzlaw.com
noah@hurwitzlaw.com

---

## DEMAND FOR TRIAL BY JURY

Plaintiff David Brace ("Plaintiff"), by and through his attorneys, Hurwitz Law

PLLC, hereby demands a trial by jury of the issues in the above-captioned action.

    /s/ *Kara F. Krause*
    Kara F. Krause (P85487)
    Noah S. Hurwitz (P74063)
    HURWITZ LAW PLLC
    *Attorneys for Plaintiff*
    340 Beakes St., Ste. 125
Dated: April 13, 2026    Ann Arbor, MI 48104

13